UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNDON WATLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00727 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Lyndon Watler's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed May 19, 2008. (Doc. No. 1). This Court has held an evidentiary hearing on this matter. This Court considers Watler's claims in light of his §2255 Motion and the hearing before this Court.

## BACKGROUND

Lyndon Water (a.k.a. Liston Watler) was indicted in August 2003, with Ronnie Thomas, Jr. and Nathan Allen (a.k.a. Andrew Hepburn), for his participation in a conspiracy to mail marijuana and cocaine base from Los Angeles, California to St. Louis, Missouri, from April 2002 until October 2002. (Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28, United States Code, Section 2255 ("Response"), Doc. No. 12, p. 1). On March 23, 2005, a jury convicted Watler of conspiracy to possess, with intent to distribute, cocaine base. (Cause No. 4:03cr478, Doc. No. 140; Motion, p. 1). On November 18, 2005, Watler was sentenced to 235 months in prison. (Motion, p. 1). On August 22, 2006, the Eighth Circuit Court of Appeals affirmed Watler's conviction and sentence. United States v. Watler, 461 F.3d 1005 (8th Cir. 2006). The United States Supreme Court denied certiorari on May 14, 2007 (Motion, p. 2).

Watler's motion under 28 U.S.C. §2255 asserts eleven claims for relief:

(1) Ineffective assistance of trial counsel for not knowing the date of the indictment and for allowing Watler to be impeached on a non-existent 1998 burglary conviction;

(2) Ineffective assistance of trial counsel for failing to contact two potential witnesses who heard conversations between co-defendants regarding plans to stab Watler;

(3) The trial court judge relied on inappropriate facts in determining Watler's sentence;

(4) The trial court held a bias against Watler;

(5) Ineffective assistance of trial counsel for failing to request a continuance when the Government presented a witness during rebuttal;

(6) The trial court's sentence of Watler to participate in a mental health and alcohol abstinence program was not supported by any evidence for this offense;

(7) The prosecutor, Assistant United States Attorney Dean R. Hoag, provided false evidence of Watler's 1998 burglary conviction;

(8) Hoag provided false evidence regarding the date that Watler was released from prison;

(9) Nathan Allen's testimony regarding an out of court statement violated the Confrontation Clause of the Constitution;

(10) Ineffective assistance of trial counsel for not preparing for trial;

(11) Hoag improperly relied on the statements of Ronnie Thomas during Thomas's testimony in Watler's trial.

On May 19, 2008, Watler filed his §2255 Motion. On October 28, 2008, this Court appointed attorney Neil Bruntrager, of Bruntrager and Billings, to represent Watler. (Doc. No. 10). On July 9 and July 13, 2009, this Court held a hearing on Plaintiff's Motion, which included live witness testimony. The Court ordered Watler to submit a post-hearing brief in support of his Motion. (Doc.

No. 36). On November 30, 2009, Bruntrager filed a Request for Leave to Withdraw from representation of Watler due to irreconcilable differences regarding the handling of this case. (Doc. No. 50).[1] After a hearing, with Watler and Bruntrager present, the Court granted Bruntrager's Request for Leave to Withdraw from representation of Watler. (Doc. No. 54, 55). The Court ordered Watler to file his *pro se* brief in support of his Motion by January 7, 2010. After a series of extensions, the Court granted Watler until May 1, 2010 to file his brief in support of his Motion. (Doc. No. 71). To date, Watler has not requested any additional extensions of time, nor has Watler filed his brief in support of his Motion. The Court reviews Plaintiff's Motion based upon the documents filed with this Court and the testimony from the evidentiary hearing.

**STANDARD OF REVIEW**

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, at *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428-29, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

**DISCUSSION**

---

[1] Watler had previously filed motions for leave to relieve his attorney, Bruntrager, of his duties as appointed counsel. (Doc. Nos. 14, 15, 23). After investigation regarding the bases for these motions, the Court denied these motions for leave.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Legal Standard

For an ineffective assistance of counsel under § 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, at *7 (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. at 698.

### B. Ground 1: Trial Counsel Improperly Impeached Watler on a Stale Conviction under Fed.R.Evid. 609(b) and for a Non-Existent Burglary Conviction

Watler argues that his trial counsel, Henry Miller, was ineffective because he failed to object to the admission of Watler's prior felony convictions from 1991 and 1998, which were used for impeachment purposes. First, Watler claims that Miller did not know the date of Watler's indictment in the instant case. Watler admits that he was convicted in 1991, was sentenced to a period of incarceration, and was released on March 30, 1993. Watler was indicted in the instant case on August 7, 2003, more than ten years after Watler's release from incarceration. See Fed.R.Evid. 609(b) ("Evidence of a conviction under this rule is not admissible if a period of more than ten years

has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."). When he tried to argue to the Court that Watler's conviction was "stale" under Fed.R.Evid. 609(b), Miller informed the Court that the indictment occurred in 2002. Based upon the premise that the indictment occurred in 2002, not August 2003, the Court held that the 1991 burglary conviction was not barred by Fed.R.Evid. 609(b). (Motion, p. 22). Accordingly, Watler argues that, on the advice of counsel, he admitted the 1991 burglary on direct examination because the trial court already had held that it would be improperly admissible pursuant to Fed.R.Evid. 609(b). (Motion, p. 22).

Watler also claims that he was not convicted of burglary in 1998 but that Miller improperly questioned him regarding this conviction. Walter claims that Miller refused to ask the prosecution for proper documentation to support the purported 1998 burglary. (Motion, p. 23). Watler admits that he was convicted of burglary in 1981, not 1998. (Motion, p. 23). According to Watler, Miller compelled him to admit on direct examination that he was convicted of burglary in 1998, rather than forcing the issue with the prosecutor.

The Court finds that Walter is not entitled to relief on Ground 1. First, appellate counsel raised the 609 objection to the 1991 conviction on direct appeal. The Eighth Circuit determined that Watler was not entitled to relief because a "defendant who testifies about a prior conviction on direct examination cannot contest its admission on appeal." Watler, 461 F.3d at 1009 (citing Ohler v. United States, 592 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed. 2d 826 (2000)). The Eighth Circuit held that Walter forfeited his right to seek relief on this issue because he testified regarding his prior conviction on direct examination. Watler, 461 F.3d at 1009. The Court finds no basis to disturb this

finding that Watler cannot challenge his admission of the burglary charge on the grounds of ineffective assistance of counsel.

Second, the Court also denies Watler's Motion with respect to Ground 1 because the Court will not challenge Miller's reasonable trial strategy. Miller made the decision to examine Watler regarding his prior convictions during his direct examination as part of his trial strategy. (Response, p. 8). Miller attests that he did not want it to appear that Watler was hiding anything from the jury and he wanted to provide Watler the opportunity to explain his prior conviction. (Response, pp. 8-9). The Court does not second-guess this reasonable trial strategy. "Because of the problems inherent in hindsight analysis, [the Court] 'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Loefer v. United States, 604 F.3d 1028 (8th Cir. 2010) quoting United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005)). Thus, "decisions involving trial strategy are 'virtually unchallengeable.'" Loefer, 604 F.3d 1028 (quoting Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006)). As a result, the Court finds that Watler has failed to satisfy Strickland's deficient-performance prong and, therefore, the Court does not need to address the parties' prejudice arguments.

    **C.**     **Ground 2: Trial Counsel was Ineffective Because Miller did not Inform the Court Regarding the Names of the Witnesses to the Threats Against Watler.**

Watler claims that his co-defendants, Thomas and Allen, discussed stabbing him. (Motion, pp. 5, 17). Watler claims that Miller was ineffective because Watler provided Miller with contact information for two witnesses who heard Thomas and Allen threaten him, but that Miller did not provide this information to the Court. (Motion, p. 5). Watler also claims that Miller improperly failed to argue that Watler's co-defendants were biased against him, as evidenced by their threats against Watler's life. (Motion, p. 18). Watler claims that he provided Miller with the identities of two witnesses. (Motion, pp. 17, 19-21). Watler claims, however, that Miller instead told Judge

Hamilton that they (Watler and Miller) did not know the identity of the witnesses to the threats. (Motion, pp. 20-21).

In response, Miller attested that he discussed the threats from Thomas and Allen with Hoag and Judge Hamilton. (Response, p. 5). Miller states that Watler did not provide him with the names of or contact information for the people threatening Watler. (Id.) Miller also asserts that he did not refuse to investigate Watler's claims. (Id.)

The evidence before the Court is that Miller brought the alleged threat to the attention of the Court and also investigated Watler's claims to the best of his ability. Watler has failed to demonstrate that Miller's performance was deficient or that Watler. Accordingly, the Court finds that Watler has failed to provide sufficient evidence to support his claim of ineffective assistance of counsel regarding Ground 2.

In addition, Watler has also failed to demonstrate that he was prejudiced by Miller's alleged failure to investigate Watler's allegations that he was threatened. As noted by the Eighth Circuit, even though Watler should have been permitted to cross-examine Allen regarding the threats, such "error was harmless beyond a reasonable doubt." Watler, 461 F.3d at 1010. The Court finds that Watler cannot maintain a claim under the Strickland standard for Ground 2 because Watler was not prejudiced.

### D. Ground 5: Trial Counsel was Ineffective Because He Failed to Request a Continuance When the Government Presented a Witness for Rebuttal

Watler claims that Miller was ineffective because he did not request a continuance after the Government's witnesses testified about Joseph Carillo's condition. Watler testified at trial that he received the package of drugs from Carillo. In rebuttal, the Government presented testimony that Carillo could not walk or function without assistance because of illness. (Response, p. 9). Watler claims that he had evidence, contrary to the government witness's testimony, that Carillo was not

completely paralyzed on his right side, but that Miller refused to investigate or present to the Court. (Motion, p. 25). Watler provided a picture of Carillo which supposedly shows burn marks on his right side from smoking cigarettes and dirt marks on both hands from wheeling his wheelchair around. (Motion, pp. 25-26). Watler claims that this picture was available to rebut the government witness's testimony. Also, Watler asserts that Carillo's sister, Marie Carillo, could have testified that her brother had use of his right side and was not completely paralyzed on his right side. (Motion, pp. 16, 26). Watler also claims that he told Miller that Darren Smith would cash checks for Carillo and that Carillo would supply drugs for Smith. (Motion, p. 16). Watler states that Miller refused to get an investigator to locate Smith, even though Smith supposedly would corroborate Watler's testimony. (Motion, p. 16).

Miller, however, testified that he and Watler reviewed the Carillo's nursing home records, which corroborated the Government's witnesses's testimony. (Response, p. 9). The Court also notes that several of Watler's witnesses from California also testified regarding Carillo's poor health. Miller testified that he could not recall Watler providing names of witnesses that could testify that Carillo left the nursing home on the date Watler received the drugs. (Response, pp. 9-10).

The Court finds that Miller's representation satisfied the <u>Strickland</u> test. Miller reasonably investigated Watler's claim that Carillo was able to leave the nursing home on the date Watler received the drugs. Miller and Watler reviewed the nursing home records, which provide evidence that Carillo was disabled. Watler has come forward with no substantial evidence to refute the position that Carillo was paralyzed on one side. The Court finds Miller's investigation to be reasonable and thorough and satisfies the <u>Strickland</u> standard.

Further, the Court also finds that Watler was not prejudiced by any purported deficiencies in Miller's performance. First, the Government's witnesses and Watler's witnesses testified that Carillo

was unable to leave the nursing home on the date in question. Second, contrary to Watler's claims that witnesses would testify that Carillo was able to leave the nursing home, Miller stated that Watler never provided him with such information or witness names. Thus, the Court finds that the evidence supports a finding that Watler was not prejudiced with respect to Ground 5.

### E. Ground 10: Trial Counsel was Ineffective for Not Preparing for Trial

In Ground 10, Watler makes the vague claim that his trial counsel, Miller, was ineffective for failing to prepare for trial. Initially, such a broad claim must be denied because it does not relate to any specific deficiency on the part of trial counsel. See Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (affirming dismissal of §2255 Motion where allegations were "brief, conclusory and fail[ed] to cite to the record"). Further, the record reflects that Miller spent significant time and effort preparing Watler's defense, including 49.2 hours of interviews and conferences, 54.8 hours of investigative and other work, 9.4 hours obtaining and reviewing records, and 8.9 hours researching legal issues. (Doc. No. 12-1, ¶ 11). Finally, as evidenced by counsel's arguments to the court and jury, his cross-examination of witnesses, and his examination of the defendant, Miller was well-prepared for this trial. Watler has failed to show how Miller's representation was deficient or prejudiced him and, therefore, Watler's Motion with respect to Ground 10 must be denied.

## II. TRIAL COURT ISSUES

### A. Ground 3: Court Considered Improper Evidence in Determining Watler's Sentence

Watler contends that the Court should not have considered marijuana in his sentence and that the trial court should have considered that "crack cocaine is not as serious as previously thought." In addressing these claims, the Eighth Circuit determined that the trial court "was fully aware of and fulfilled its responsibility to consider sentencing factors." Watler, 461 F.3d at 1011. This Court finds

that it properly considered the evidence before it in determining Watler's sentence. The Court denies Watler's Motion with respect to Ground 3.

**B.     Ground 4: Trial Court was Biased Against Watler**

Watler claims that the trial court was biased against him.[2] Watler alleges that Miller had *ex parte* conversations with the Judge in which she stated that she does not review the letters submitted on Watler's behalf. (Motion, p. 17). Watler also asserts that the Judge feigned interest in the witnesses to Allen's and Thomas's conversation regarding stabbing Watler, but that she refused to listen to him.[3]

In his affidavit, Miller states that he did not tell Watler that the Judge disregards the letters submitted by Watler. (Response, p. 6). In addition, Miller states that he does not recall speaking to the Judge *ex parte*. (Id.) Further, the Judge referred to the letters she received on behalf of Watler and also afforded Watler sufficient time to review the Plea Agreement. (Id.) The Court finds ample evidence to support the finding that the Court was not biased against Watler and Ground 4 fails.

**C.     Ground 6: Trial Court's Sentence Was Not Supported by the Evidence**

Watler claims that the Court's sentence to a mental health participation and alcohol abstinence program was not supported by the evidence in the record. (Response, p. 7). Watler, however, has provided no facts to support his claim that the Court should not have sentence him to these programs. In addition, the Eighth Circuit held that Watler's sentence was reasonable and appropriate under the

---

[2]Watler also claims in Ground 4 that the Court erred in its determination on Federal Rule of Evidence 609(b). Watler does not elaborate on this point in Ground 4. The Court previously addressed this issue in Ground 1.

[3]s previously discussed, Miller attests that Watler did not tell Miller about the identity of the witnesses to the conversation regarding stabbing Watler. The Court finds it unlikely that Watler would have withheld this information from his own attorney but and instead would have attempted to tell the Court this information.

circumstances. Watler, 461 F.3d at 1011. Accordingly, this Court finds no constitutional violation with respect to Watler's sentence pursuant to Ground 6.

### D. Ground 9: Trial Court Admitted Testimony Regarding an Out-Of-Court Statement that Violated the Confrontation Clause

Watler asserts that "Slusher[']s out of court statement that the source of the drugs was a home boy name[d] Pete violates the Confrontation Clause." (Motion, p. 14). Watler is referring to Allen's testimony that the source of the drugs in this case was a man named "Pete." Watler claims that this testimony does not fall within the hearsay exception identified in United States v. Bell, 573 F.3d 1040 (8th Cir. 1978).[4] Watler argues that the trial court improperly admitted statements made by the Slushers under Bell because the Slushers were not co-conspirators under the indictment. (Motion, p. 24).

With respect to this claim, the Eighth Circuit held that Watler should have been permitted to cross-examine Allen, but that such error was "harmless." Watler, 461 F.3d at 1010. The Eighth Circuit identified significant evidence to corroborate Allen's testimony and found no support for Watler's claim that he was prejudiced by his inability to confront Allen on this issue. Watler's Motion with respect to Ground 9 is denied.

## III. PROSECUTOR MISCONDUCT

---

[4]In Bell, the court addressed the question of the admissibility of testimony by undercover agents who related telephone conversations they had with the alleged co-conspirator. The court stated:

> We hold that an out-of-court statement is not hearsay and is admissible if on the independent evidence the district court is satisfied that it is more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties.

Id. at 1044.

To prove prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks or conduct were improper, and (2) such remarks or conduct prejudiced the defendant's rights in obtaining a fair trial. United States v. New, 491 F.3d 369, 377 (8th Cir. 2007); United States v. King, 36 F.3d 728, 733 (8th Cir. 1994) (citing United States v. Bussey, 942 F.2d 1241, 1253 (8th Cir. 1991), cert. denied, 118 L. Ed. 2d 542, 112 S. Ct. 1936 (1992)).

### A. Ground 7: Hoag provided false evidence of Watler's 1998 Burglary Conviction

Watler claims that Hoag provided false evidence that Watler was convicted of burglary in 1998. Watler, however, testified at trial that he was convicted of burglary in 1998 and served one day. (Response, p. 12). Watler also provided evidence of his burglary conviction at trial. (Response, p. 12 (citing Exhibit G)). Given that Watler admitted that he was convicted of burglary in 1998, the Court cannot find that Hoag improperly provided evidence of such conviction. Given this overwhelming evidence that Watler was convicted of burglary in 1998, the Court denies Watler's Motion with respect to Ground 7.

### B. Ground 8: Hoag Failed to Provide Evidence of Watler's Release Date

Watler claims that Hoag misled the Court by informing the Court that Watler was released from incarceration in 1994 instead of 1993. (Motion, p. 13). Walter claims that Hoag had knowledge that Watler was released in 1993 because Hoag did not object to the Presentence Investigation report (PSI). As noted by the Eighth Circuit, Watler testified regarding his convictions during his direct examination. (Response, p. 12; Watler, 461 F.3d at 1010). Given that Watler admitted his convictions during his trial, the Court finds that Watler was not prejudiced by Hoag's alleged failure to provide evidence of Watler's release date from prison.

### C. Ground 11: Hoag vouched for the number of people convicted by Thomas's Testimony

Watler claims that Hoag "vouched for Ronnie Thomas about how many people he helped to convict." (Motion, p. 15). The record reflects that Hoag elicited testimony from Thomas about his participation in other cases. Such testimony does not indicate that Hoag "vouched" for Thomas. In fact, Miller attested that he did not recall Hoag vouching for Thomas. (Doc. No. 12-1, ¶ 12). The Court finds no evidence of prejudice and denies Watler's Motion with respect to Ground 11.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Lyndon Edward Watler's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 25th day of June, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE